**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MOHAMED F. EL-HEWIE, | : | CIVIL ACTION NO. 10-5153 (MLC) |
| Plaintiff, | : | **O P I N I O N** |
| v. | : | |
| SUPREME COURT OF NEW JERSEY, | : | |
| Defendant. | : | |

**THIS IS** the fourth action brought by the plaintiff pro se in the District of New Jersey ("Fourth Action") concerning the non-renewal of his provisional contract as a teacher ("Non-Renewal"). See El-Hewie v. Bergen County, No. 08-1760 ("First Action"); El-Hewie v. Corzine, No. 09-927 ("Second Action"); El-Hewie v. State of New Jersey, No. 10-4847 ("Third Action"). The plaintiff brings this action against: (1) the Supreme Court of New Jersey, the New Jersey Appellate Division, the Chief Justice of the Supreme Court of New Jersey, and three judges of the New Jersey Appellate Division ("State Judicial Defendants"); (2) three New Jersey administrative law judges ("ALJ Defendants"); and (3) a federal district court judge ("Federal Defendant"). (Dkt. entry no. 1, Compl.)  The plaintiff alleges that the defendants violated his federal rights while overseeing (1) state proceedings ("State Proceedings") on the Non-Renewal, insofar as the action concerns the State Judicial Defendants and the ALJ Defendants, and (2) a

federal action wherein he sought review of the State Proceedings, insofar as the action concerns the Federal Defendant. (Id.)

**THE COURT** will dismiss the Complaint in the Fourth Action its entirety. See Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (stating courts should not entertain claims otherwise within their jurisdiction if claims are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion).

**THE PLAINTIFF** is attempting to avoid determinations and orders issued in the State Proceedings. The proper way to do so is to seek review through the state appellate process and then seek certiorari directly to the United States Supreme Court. See D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923). The Rooker-Feldman doctrine prohibits a federal court from voiding a decision issued in a state proceeding and preventing its enforcement. See McAllister v. Allegheny Cnty. Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005). This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate decisions issued in the State Proceedings. See, e.g., Moncrief v. Chase Manhattan Mortg. Corp., 275 Fed.Appx. 149, 152-53 (3d Cir. 2008) (affirming judgment dismissing claims concerning state foreclosure

action, inter alia, as barred by Rooker-Feldman doctrine because plaintiff sought redress from state court judgment).

**THE STATE PROCEEDINGS** may also still be ongoing in some capacity. A federal court must abstain from exercising jurisdiction, pursuant to the Younger abstention doctrine, when (1) a state-court action is ongoing, (2) important state interests are implicated, and (3) there is an adequate opportunity to raise federal claims in state court. See Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971). This Court cannot interfere with an ongoing state proceeding.

**THE CLAIMS** against the State Judicial Defendants, the ALJ Defendants, and the Federal Defendant are also barred under the immunity doctrine, as the alleged conduct concerns judicial acts. The defendants, including the ALJ Defendants, cannot be held civilly liable for their judicial acts, even when those acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly. See Butz v. Economou, 438 U.S. 478, 513-15 (1978); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000). The claims against the Supreme Court of New Jersey and the New Jersey Appellate Division are also barred by the Eleventh Amendment. See Callahan v. Philadelphia, 207 F.3d 668, 670-74 (3d Cir. 2000).

**THE PLAINTIFF** sued the Federal Defendant in the Second Action based on the Federal Defendant's determinations in the First Action, and does the same in the Fourth Action.  The plaintiff was advised in the Second Action that suing the Federal Defendant was not the proper way to seek review of the Federal Defendant's determinations.  See El-Hewie v. Corzine, No. 09-927, 2009 WL 1810513, at *2 (D.N.J. June 24, 2009); see also El-Hewie v. Governor of State of N.J., 396 Fed.Appx. 847, 848-50 (3d Cir. 2010).  In the Third Action, the plaintiff has been advised of the proper manner in which to seek review of the result in the First Action.  See Op. & Order, El-Hewie v. State of New Jersey, No. 10-4847 (D.N.J. May 19, 2011), ECF Nos. 13 & 14.  The result in the Fourth Action remains the same.  See Carter v. All Dist. Fed. Judges, No. 10-4778, 2011 WL 668130, at *1 (3d Cir. Feb. 25, 2011) (stating, in action where plaintiff sued "all district federal judges", that "[t]o the extent [plaintiff's] allegations reflect her disagreement with the resolution of her previous cases, the proper vehicle for raising such a challenge is to file an appeal in those cases, not bring a new action"); Shemonsky v. Thomas, 255 Fed.Appx. 687, 688 (3d Cir. 2007) (stating, in action where plaintiff sued bankruptcy judge, "should [plaintiff] wish to challenge the dismissal of the bankruptcy action referenced in the complaint, the appropriate remedy is an appeal").

**THE COMPLAINT** in the Fourth Action "is just one in a series of similar ad hominem attacks directed at judges who fail to rule in [the plaintiff's] favor in various cases in which he is, or has been, involved". Algieri v. Vanaskie, 220 Fed.Appx. 74, 75 (3d Cir. 2007). The Court will dismiss the Complaint for the aforementioned reasons. The Court will issue an appropriate order and judgment.[1]

                                              s/ Mary L. Cooper  
                                              **MARY L. COOPER**  
                                              United States District Judge

Dated:    May 19, 2011

---

[1] The Courts notes that the claims asserted in the Fourth Action may also be barred by res judicata.